UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EBONY KELLEY,

    Plaintiff,

v.                                      CASE NO. 8:23-cv-1162-WFJ-SPF

ALLEGIANT AIR, LLC,

    Defendants.
_____/

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Attend Deposition Remotely (Doc. 17). Defendant filed a response in opposition to the Motion (Doc. 18). Upon consideration, the Court finds that Plaintiff's Motion should be DENIED.

Plaintiff worked for Defendant in St. Petersburg, Florida from March 2021 through December 2022, when she was terminated. In early May 2023, Plaintiff moved from Clearwater, Florida to Arizona. Shortly thereafter, on May 24, 2023, Plaintiff initiated this action, in the Middle District of Florida, for employment discrimination and retaliation in violation of 42 U.S.C. § 1981 (Doc. 1). Now, Plaintiff moves for leave to appear for her deposition remotely because it is difficult to obtain days off from work and to afford the travel expenses. Although she was ultimately able to secure the days off from work for her scheduled deposition, the window of time for traveling is tight. Defendant responds that Plaintiff's motion should be denied because (1) Plaintiff concedes that she was able to take the day off from work for her deposition; (2) Plaintiff currently has three jobs and provided no evidence as to how travelling to Florida would be burdensome; (3) the potential cost of travelling to Florida is negligible in comparison to Plaintiff's alleged damages; and (4) mere

speculation that Plaintiff may miss her return flight and lose her job as a result is insufficient to establish good cause.

"The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum." *Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005). Thus, "a plaintiff must make herself available for deposition in the judicial district in which she filed suit." *Sarac v. Univ. of S. Fla. Bd. of Trs.*, No. 18-cv-02485, 2020 WL 97782, at *2 (M.D. Fla. Jan. 8, 2020). Indeed, the Middle District of Florida's Civil Discovery Handbook provides that "[a] nonresident plaintiff may reasonably expect to be deposed at least once in this district during the discovery stages of the case . . . ." *Middle District Discovery* (2021) at I(A)(3).

The Court, however, may modify the time, place, and manner of a deposition or medical examination "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984) (stating that when the location of a deposition is in dispute, the Court has broad discretion to control the course of discovery). The movant must show "good cause" for entry of the protective order. *Fiore v. Goodyear Tire & Rubber Co.*, No. 209CV843FTM29SPC, 2010 WL 11455371, at *1 (M.D. Fla. Oct. 1, 2010). Under the "good cause" standard, the court must balance the competing interests of the parties. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989).

Plaintiff is more than an ordinary witness in this case. Her testimony will likely be a central piece of evidence for both parties. Due to the significance of Plaintiff's expected testimony, Defendant should be afforded the opportunity to depose Plaintiff in person. *See Arval Serv. Lease S.A. v. Clifton*, No. 3:14-CV-1047-J-39MCR, 2015 WL 12818837, at *3 (M.D.

Fla. June 23, 2015) ("In determining whether to issue a protective order, courts balance such factors as plaintiff's ability to pay, the content and importance of plaintiff's testimony, and the type of claim."); *Huddleston v. Bowling Green Inn of Pensacola*, 33 F.R.D. 581, 586 (N.D. Fla. Dec. 18, 2019) ("If feasible, a defendant generally should be afforded an opportunity to depose such a plaintiff in person.").

The Court finds that Plaintiff must appear for her deposition in person within this judicial district. Plaintiff has not demonstrated a specific undue burden which precludes her from traveling to the Middle District of Florida for her deposition. Instead, Plaintiff has only alleged that it is "difficult" to afford travel expenses and speculates that travel challenges on her return flight may put her employment in jeopardy. This is insufficient. *See Curry v. HSBC N. Am. Holdings*, No. 8:14-cv-2420-T-30JSS, 2015 WL 4911447, at *2 (M.D. Fla. Aug. 17, 2015) ("[A]n alleged inability to pay does not necessarily excuse a plaintiff from appearing for a deposition within the judicial district where the plaintiff filed suit."); *Huddleston*, 33 F.R.D. at 585–86 (stating that "[a] mere assertion of indigence will not suffice" to establish substantial hardship). Therefore, no good cause exists to modify the location of her deposition.

Accordingly, Plaintiff's Motion for Leave to Attend Deposition Remotely (Doc. 17) is **DENIED**.

**ORDERED** in Tampa, Florida, October 24, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE